UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNIVERSAL IMAGE PRODUCTIONS, INC.,

        Plaintiff,

v.

                                                  Case No. 06-12805

FEDERAL INSURANCE COMPANY,         Honorable Julian Abele Cook, Jr.

        Defendant.


## ORDER

This case involves a contention by the Plaintiff, Universal Image Productions, Inc. ("Universal Image") that the Defendant, Federal Insurance Company ("Federal Insurance") breached the terms of their insurance contract and committed a variety of other illegal acts, all of which violated the Uniform Trade Practices Act, Mich. Comp. Laws § 500.2001, *et seq*. Federal Insurance removed this case to this Court on June 23, 2006 and subsequently filed a motion for the entry of a summary judgment, asserting that the claims of Universal Image are barred by the applicable statute of limitations. Following a hearing on July 23, 2007, the Court denied Federal Insurance's motion for summary judgment after concluding that the official record contained genuine issues of material facts relating to the asserted claims in this lawsuit.

On August 10, 2007, Federal Insurance filed a motion for reconsideration under E.D. Mich. L.R. 7.1(g)(3) which reads as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must

> not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In its quest for relief, Federal Insurance submits that the Court mistakenly relied upon *Tom Thomas v. Reliance Ins. Co.*, 396 Mich. 588 (1976) that was decided by the Michigan Supreme Court over three decades ago. It is the position of Federal Insurance that the Court, in denying its application for the entry of a summary judgment, erroneously concluded that the two year contractual limitations period was tolled from the date on which Universal Image filed its claim until such time as it was formally rejected by the insurance carrier. In presenting this motion for reconsideration, Federal Insurance has reiterated the same arguments (to wit, *Tom Thomas* has been overruled by *Rory v. Continental Ins. Co.,* 473 Mich. 457 (2005) and *Devillers v. Auto Club Ins. Assoc.,* 473 Mich. 562 (2005)) that had been raised in its application for a summary judgment and was subsequently rejected by the Court on July 23, 2007.

In *Rory,* the plaintiffs, who claimed to have been injured as the result of an automobile accident, did not discover that the other driver was uninsured until their lawsuit had been filed for more than one year after the accident. 473 Mich. at 462. The defendant denied their claims because its insurance coverage required that those actions which seek to recover damages must be filed within one year after the accident. *Id.* The Supreme Court of Michigan determined that the limitations period within an insurance contract is enforceable as written if the contractual limitation language is unambiguous and does not violate public law or policy. *Id.* at 470. In *Devillers*, the insured brought a lawsuit against the automobile insurer to recover statutory no-fault benefits for her child's injury more than a year after the insurer had terminated her home health care benefits. 473 Mich. at 565. Ultimately, the Supreme Court of Michigan invalidated the doctrine of judicial tolling with regard to the unambiguous statutory language of the one-year back provision in the no-

fault statute. *Id*.

The facts in this case are clearly distinguishable from those in *Devillers* and *Rory*. Unlike *Devillers*, this case does not involve a "no-fault" legislative act or, more generally, unambiguous statutes. Rather, this is a private contract dispute. In support of not tolling the limitation period, the Supreme Court of Michigan opined that only the legislature, through the enactment of its statutes, may provide for situations in which tolling is appropriate. *Devillers,* 473 Mich. at 583. Moreover, the *Devillers* court declared that tolling was unnecessary for the "no-fault law," inasmuch as the only possible delay in the expeditious resolution of the claim was the right of the insurance company to stall payment for only thirty-days. *Id*. Ultimately, however, the Court in *Devillers*, did not determine the issue of tolling private, contractual limitations periods.

Federal Insurance's reliance on *Rory* is equally misplaced. In *Rory*, the Supreme Court of Michigan explicitly declined to address the issue of tolling. 473 Mich. at 471. Accordingly, *Devillers* and *Rory* are neither controlling nor applicable to the issue of equitable tolling under the circumstances of this litigation. Despite the repeated assertions of Federal Insurance, the Supreme Court of Michigan has yet to overrule the principle in *Tom Thomas* which allows courts to "toll the running of [a] limitation from the time the insured gives notice until the insurer formally denies liability. . ." in private contract suits. *Id*. at 597.[1] Approximately two years ago, the Court of Appeals of Michigan recently determined that "the decision in *Devillers* does not apply to insurance contract claims . . . which are wholly separate from the no-fault act and the associated statutes of limitations." *McDonald v. Farm Bureau Ins. Co.*, 2006 WL 2457692 (Mich. App. 2006).[2]

---

[1] However, *Rory* overruled the portion of *Tom Thomson* that permitted the judiciary to abrogate contractual terms based on "reasonableness." *Rory*, 473 Mich. at 470.

[2] An appeal of this case was granted by the Michigan Supreme Court on January 24, 2007, but a decision has not yet been reached.

For these reasons, the Court finds that Federal Insurance has failed to demonstrate "a palpable defect by which the court and the parties have been misled." Therefore, the Court must, and does, deny the Defendant's motion for reconsideration.

IT IS SO ORDERED.

Dated: January 23, 2008   s/ Julian Abele Cook, Jr.
Detroit, Michigan   JULIAN ABELE COOK, JR.
United States District Court Judge

Certificate of Service

I hereby certify that on January 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford
Courtroom Deputy Clerk